UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAMILA REJMAN,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>THOMAS SHANG, M.D., et al.,<br><br>　　　　　　Defendant(s). | Case No. 2:15-CV-367 JCM (GWF)<br><br>ORDER |

　　　Presently before the court is a motion demanding security of costs filed by defendants Urgent Care Extra, LLC and Urgent Care Extra – Tropicana & Jones, LLC ("defendants"). (Doc. # 21). Plaintiff Kamila Rejman ("plaintiff") filed a response. (Doc. # 22). Defendants did not file a reply, and the deadline to reply has now passed.

　　　In their motion, defendants ask that plaintiff, as a non-resident of Nevada, be required to file security of costs in the amount of $500.00 for defendant's costs and charges which may be awarded in this case. (Doc. # 21).

　　　Plaintiff responds that she objects to defendants' request because defendants initially failed to answer plaintiff's complaint in a timely manner. Plaintiff states that she consented not to move for default against defendants despite their initial failure to appear. On March 30, 2015, plaintiff agreed to stipulate to a two-week extension for defendants' answer. On April 6, 2015, plaintiff still had not received a stipulation or answer and reminded defendants to execute and file the stipulation. (Doc. # 22). On April 7, 2015, the parties stipulated that defendants would have until April 8, 2015, to respond. (Doc. # 13). On April 8, 2015, defendants filed their answer, as well as the instant motion. (Docs. # 19, 21).

**James C. Mahan**
**U.S. District Judge**

1  The Ninth Circuit recognizes that "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). A federal district court typically follows the forum state's practice regarding security of costs, particularly when a party is a non-resident. *See, e.g.*, § 2671 Security for Costs, 10 Fed. Prac. & Proc. Civ. § 2671 (3d ed.). Nevada Revised Statute 18.130 provides that the court may require an out-of-state plaintiff to post a security for costs in an amount up to $500.00 upon request by a defendant. Nev. Rev. Stat. 18.130.

After reviewing the filings in this matter, the court finds that it is appropriate to require plaintiff to post security of $500.00 as to each of the instant defendants. While plaintiff may have extended defendants professional courtesy by agreeing to an extension of time, this does not negate the force of Nevada Revised Statute 18.130. This section provides that security of costs "may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint." Nev. Rev. Stat. 18.130(1).

Plaintiff is an out-of-state resident, and defendants filed the instant motion within the stipulated answer deadline. The court finds it appropriate to order security of costs in this instance.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion demanding security of costs, (doc. # 21), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall post security bonds in the amount of $500.00 as to each of the instant defendants within seven days of the entry of this order.

DATED May 14, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -