UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAMILA REJMAN, | Case No. 2:15-CV-367 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| THOMAS SHANG, M.D., et al., | |
| Defendant(s). | |

Presently before the court is defendant Thomas Shang, M.D.'s ("defendant") motion for summary judgment as to plaintiff Kamila Rejman's ("plaintiff") first and third causes of action. (ECF No. 30). Plaintiff filed a response (ECF No. 40), to which defendant replied (ECF No. 46).

**I.   Background**

This is a medical malpractice case arising from medical care and treatment administered during plaintiff's January 5, 2014, visit at Urgent Care Extra. Upon examination of plaintiff, defendant diagnosed her with acute sinusitis and bronchitis, prescribed medications, and recommended a Kenalog injection, which a nurse administered. (ECF No. 1). The parties dispute whether defendant obtained plaintiff's informed consent for the Kenalog injection. (ECF Nos. 1, 30).

In February 2014, plaintiff noticed skin depression, bruising, and discoloration at the injection site. (ECF No. 1). On or around March 8, 2014, a dermatologist examined plaintiff and opined that the skin damage was due to lipodystrophy, which is a main side effect of an improperly administered Kenalog injection. (ECF. No. 1). In September 2014, plaintiff was diagnosed with linear scleroderma and subsequently underwent several medical procedures to treat the condition. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**


On March 2, 2015, plaintiff filed the underlying complaint, asserting four claims for relief, the first and third of which are against the present defendant: (1) medical negligence/malpractice; and (3) battery. (ECF No. 1). In the instant motion, defendant moves for summary judgment on both claims, arguing that the malpractice claim is time barred and that the battery claim is improperly pleaded. (ECF No. 30).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

**James C. Mahan**
**U.S. District Judge**

consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### a. Medical negligence/malpractice

Defendant argues that summary judgment is proper because plaintiff's medical malpractice claim is time barred under NRS 41A.097(2), which sets forth a one-year statute of limitations period under the "discovery rule." (ECM No. 30). In response, plaintiff contends that defendant failed to meet his burden of showing that the statute of limitations bars the claim. (ECF No. 40).

NRS 41A.097(2) provides that "an action for injury or death against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff

**James C. Mahan**
**U.S. District Judge**

- 3 -

discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs first." "[T]he accrual date for [NRS 41A.097(2)'s] one-year discovery period ordinarily presents a question of fact to be decided by the jury." *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462 (Nev. 2012). Here, the parties agree that plaintiff's date of injury was January 5, 2014; however, the parties dispute the accrual date.

Defendant contends that the medical malpractice claim began to accrue no later than on January 26, 2014, three weeks after the date of injection when plaintiff first noticed a "black point around the place of injection." (ECM No. 30). By contrast, plaintiff argues that she discovered her injury, at the earliest, on March 8, 2014, when plaintiff's dermatologist attributed the skin damage to a negligently administered injection. (ECF No. 40).

"NRS 41A.097(2)'s discovery date may be determined as a matter of law only when the evidence irrefutably demonstrates that a plaintiff has been put on inquiry notice." *Winn*, 277 P.3d at 462. "[A] person is put on 'inquiry notice' when he or she should have known of facts that 'would lead an ordinarily prudent person to investigate the matter further.'" *Id*. (citing Black's Law Dictionary 1165 (9th ed. 2009)).

The evidence does not irrefutably demonstrate that plaintiff was put on inquiry notice on January 26, 2014, when plaintiff initially noticed a "black point" near the injection site. "Injury" encompasses both discovery of damage as well as negligent cause. *Massey v. Litton*, 669 P.2d 248, 252 (Nev. 1983). Noticing irritation around the injection site, alone, does not irrefutably demonstrate that plaintiff discovered or should have discovered that the injury may have been caused by someone's negligence. Thus, a matter of law determination that the accrual date is January 26, 2014, would be improper.

The evidence, however, does irrefutably demonstrate that plaintiff was put on inquiry notice as of March 8, 2014, when her dermatologist connected the skin damage to a negligent injection. At this point, plaintiff had access to facts that would have lead an ordinary prudent person to investigate further into whether defendant's negligence may have caused her injury. Thus, as a matter of law, plaintiff was put on inquiry notice of her potential cause of action no later

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  than March 8, 2014.  As plaintiff filed her complaint on March 2, 2015, the medical malpractice
2  claim is not time barred.

### b. Battery

Citing to the criminal definition of a battery, defendant argues that summary judgment on the battery claim is appropriate because plaintiff "lacks any basis in law or fact to support her battery cause of action." (ECM No. 30).  The court disagrees because the present case involves civil battery, not criminal battery.

"A battery is an intentional and offensive touching of a person who has not consented to the touching." *Humboldt Gen. Hosp. v. Sixth Judicial Dist. Court of Nev.*, No. 65562, 2016 Nev. LEXIS 646, at *10 (July 28, 2016) (citation omitted).  Moreover, "it is well settled that a physician who performs a medical procedure without the patient's consent commits a battery irrespective of the skill or care used." *Id.*

As defendant has not shown a lack of a genuine dispute of material fact, summary judgment is no appropriate.  Accordingly, defendant's motion for summary judgment on the battery claim will be denied.

### I.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment, (ECF No. 30), be, and the same hereby is, DENIED.

DATED August 8, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -